**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JANE DOE 1, and JANE DOE 2,
               Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,


               Defendants.

Case No. 25-CV-10806
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

### PLAINTIFFS' MOTION TO CONSOLIDATE CASES, AND MOTION TO APPOINT PARKER STINAR OF STINAR, GOULD, GRIECO & HENSLEY, P.L.L.C. AS INTERIM LEAD COUNSEL

There are now eight separate lawsuits—this one (the "First-Filed Action,"), and seven others (collectively, the "Related Cases")—that have been filed in this district related to the University of Michigan data breach by former assistant football coach Defendant Matthew Weiss. It is virtually certain that more cases will follow. Meanwhile, piecemeal efforts at record preservation and breach notification are already underway. Given the vastness and complexity of this litigation, Plaintiffs respectfully move the Court for an immediate order consolidating the Related Cases pursuant to Federal Rule of Civil Procedure 42(a)(2) and E.D. Mich. LR 42.1, and for the appointment of Parker G. Stinar of Stinar, Gould, Grieco, & Hensley,

1

P.L.L.C. ("SGGH") as "Interim Lead Counsel" pursuant to Federal Rule of Civil Procedure 23(g)(3). Consolidation and appointment of an Interim Lead Counsel will advance this litigation in an organized and efficient manner.

To date, seven putative class actions and one non-class action case have been filed in this district against Defendants Matthew Weiss ("Weiss"), the Regents of the University of Michigan ("Regents"), the University of Michigan ("University"), and Keffer Development Services, LLC ("Keffer") concerning a data breach spanning almost a decade that includes unauthorized capture of a large volume of personally identifiable information and medical data of more than 150,000 students including but not limited to University students. The complaints in each of these Related Cases allege that Defendants (aside from Weiss) failed to adequately safeguard the sensitive personal information and personal identifying information of Plaintiffs and putative "Class Members," and they assert various overlapping and/or similar claims. The Related Cases, and the dates on which they were filed, are set forth below:

- *Jane Doe 1 and Jane Doe 2 v. Weiss, et al.*, Case No. 25-cv-10806 (the First-Filed Action), filed March 21, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1 and Jane Doe 2 v. Weiss, et al.*, Case No. 25-cv-10855, filed March 26, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Roe CLF 001 v. Weiss, et al.*, Case No. 25-cv-10870, filed March 27, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10876, filed March 28, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1-11 v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10946, filed April 2, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe v. The University of Michigan Board of Regents, et al.*, Case No. 25-cv-10951, filed April 2, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Jane Doe 1-3 v. Weiss, et al.*, Case No 25-cv10988, filed April 7, 2025, and currently pending before the Hon. Mark A. Goldsmith;

- *Student Doe v. Board of Regents of the University of Michigan*, Case No. 25-cv-10999, filed April 8, 2025, currently pending before the Hon. Mark A. Goldsmith.

As explained in Plaintiffs' Brief in Support, the Related Cases satisfy the criteria enumerated in Rule 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact as they arise from the same data breach. The breach continued for nearly a decade because the University and Keffer failed to prevent, detect, or stop Weiss from accessing databases without authorization, allowing him to download the private and sensitive information belonging to more than 150,000 student athletes from over 100 colleges and universities. The Related Cases bring claims on behalf of substantially identical

3

classes and make materially identical allegations first made in the First-Filed Action that the University, the Regents, and Keffer failed to adequately safeguard the sensitive and personal information of Plaintiffs and putative Class Members. Courts routinely consolidate overlapping data breach class actions like the Related Cases.

Plaintiffs also move the Court for an order appointing Stinar as Interim Lead Counsel. There is no need to delay leadership appointment; the Court can and should consolidate the Related Cases and appoint Interim Lead Counsel at the same time for efficiency and to formulate and implement a plan for the Related Cases. Plaintiffs respectfully submit that the Court's appointment of Stinar as Interim Lead Counsel pursuant to Rule 23(g)(3) would promote the orderly and efficient management of the Related Cases and would ensure that prosecution of the cases and any potential settlement is led by counsel that is adequately prepared to represent the interests of the named plaintiffs and the putative class members.

Plaintiffs further respectfully request that the Court set the following schedule (related to the filing of an operative consolidated amended complaint, which will relieve Defendants of the duty to respond to the various initial complaints filed in the Related Cases):

- Defendants are not required to respond to the initial complaints in the eight actions listed above;

- Plaintiffs in what the Court will define as the "Consolidated Action" shall file an operative Consolidated Class Action Complaint

within thirty (30) days of entry of an Order consolidating the Related Cases and appointing Interim Class Counsel, and, should the Court enter order(s) for expedited discovery or compelling Defendants to disclose the nature and scope of any data breach, thirty (30) days after Defendants have complied with any first-issued such Order;

• Defendants will file a responsive pleading to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint;

• If Defendants respond by way of motion, Plaintiffs will have thirty (30) days to oppose Defendants' motion, and Defendants will have twenty-one (21) days to reply;

• The Parties will confer under Federal Rules of Civil Procedure 16 and 26 within fourteen (14) days after Plaintiffs file the Consolidated Class Action Complaint; and

• The Parties will submit a Joint Rule 26(f) Report and make the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within 14 days after conferring under Federal Rules of Civil Procedure 16 and 26.

A Proposed Order consolidating the Related Cases, appointing Stinar as Interim Lead Counsel, and setting the proposed schedule, is attached as **Exhibit A** and will also be contemporaneously submitted through the ECF Utilities feature for consideration by the Court.

Pursuant to E.D. Mich. LR 7.1(a), undersigned counsel have conferred with counsel for plaintiffs in the Related Cases. To date, no plaintiff has objected to consolidation, but nor has consensus formed around who should serve as Interim

5

Lead Counsel. Undersigned counsel have also conferred with counsel for Defendants; Defendants agree that consolidation of the Related Case is appropriate but take no position as to the appointment of Interim Lead Counsel.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached as **Exhibit A**, and (i) consolidate the Related Cases, (ii) appoint Parker Stinar as Interim Lead Counsel, and (iii) enter the proposed deadlines to file the operative Consolidated Amended Complaint and stay the deadline for Defendants to respond to the individual complaints consistent with the proposed Order.

Date: April 15, 2025                Respectfully Submitted,

By:    /s/*Parker Stinar*
Parker Stinar
Michael Grieco
Bryce Hensley *(admission pending)*
**STINAR GOULD GRIECO & HENSLEY, PLLC**
101 N. Wacker Dr., Floor M, Suite 100
Chicago, Illinois 60606
T: (312) 728-7444
parker@sgghlaw.com
mike@sgghlaw.com
bryce@sgghlaw.com

By:    /s/*Patrick Lannen*
Patrick Lannen
Erik Johnson
**STINAR GOULD GRIECO & HENSLEY, PLLC**
550W. Merrill Street, Suite 249
Birmingham, Michigan 48009

6

patrick@sgghlaw.com
(269) 370-1746
erik@sgghlaw.com
(248) 221-8561

*Counsel for Plaintiffs*

By: */s/ Brian Glasser*
Brian A. Glasser (*admission pending*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street,
NW, Suite 540
Washington, DC 20007
Phone: (202) 463-2101
bglasser@baileyglasser.com

By: */s/ Bart Cohen*
Bart D. Cohen
**BAILEY & GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
Phone: (267) 973-4855
bcohen@baileyglasser.com

By: */s/ David Selby, II*
David L. Selby, II *(admission pending)*
**BAILEY & GLASSER LLP**
3000 Riverchase Galleria, Suite 905
Birmingham AL 35244
Phone: (205) 628-7575
dselby@baileyglasser.com

By: */s/ D. Todd Mathews*
D. Todd Mathews
**BAILEY & GLASSER LLP**
210 W. Division Street
Maryville IL 62062
Phone: (618) 418-5180
tmathews@baileyglasser.com

7

By:    /s/ John W. Barrett
       John W. Barrett
       Katherine E. Charonko (*admission pending*)
       **BAILEY & GLASSER LLP**
       209 Capitol Street
       Charleston, WV 25301
       Phone: (304) 345-6555
       jbarrett@baileyglasser.com
       kcharonko@baileyglasser.com
       *Counsel for Plaintiffs*


By:    /s/ Aimee H. Wagstaff
       Aimee H. Wagstaff (admission pending)
       Benjamin Gillig (admission pending)
       **WAGSTAFF LAW FIRM**
       940 N. Lincoln Street
       Denver, CO 80203
       Tel: 303-376-6360
       awagstaff@wagstafflawfirm.com
       bgillig@wagstafflawfirm.com

       *Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE 1, and JONE DOE 2,
                    Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,


                    Defendants.

Case No. 25-CV-10806
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE
CASES AND FOR APPOINTMENT OF PARKER STINAR OF STINAR,
GOULD, GRIECO & HENSLEY, P.L.L.C. AS INTERIM LEAD COUNSEL**

1

## STATEMENT OF ISSUE PRESENTED

1.      Whether this Court should (i) consolidate the Related Cases, (ii) appoint Parker Stinar as Interim Lead Counsel, where he and his law firm, Stinar, Gould, Grieco, & Hensley satisfy Rule 23(g), as he has substantial credentials, significant experience, and has demonstrated the ability to work cooperatively and in the best interests of Plaintiffs and the putative Class, and (iii) enter deadlines for Plaintiffs to file the operative consolidated amended complaint, stay the deadline for Defendants to respond to the individual complaints in the Related Cases, and begin the process to effectively, fairly, and efficiently manage the Related Cases?

> Plaintiffs state: "Yes."

> The Regents and the University are believed to state: "Yes" as to consolidation, and it is unclear what their position is on the balance of this request.

> It is unknown what the other Defendants state.

## <u>MOST CONTROLLING AUTHORITY</u>

- Federal Rule of Civil Procedure 42(a)(2)

- E.D. Mich. LR 42.1

- Federal Rule of Civil Procedure 23(g)

# TABLE OF AUTHORITIES

## Cases

*Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506 (6th Cir. 2003)..................16

*In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005) ...............................5

*In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224-PLM-PJG, ECF
No. 11 (W.D. Mich. Feb. 23, 2023)........................................................................3

*In re Lansing Community College Data Security Breach Litig.*, No. 1:23-cv-00738-
PLM-PJG, ECF No. 13 (W.D. Mich. Aug. 2, 2023) .............................................3

*In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362 (E.D. Pa. 2022) ...........5

*In re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12906-
SFC-EAS, ECF No. 9 (E.D. Mich. Mar. 3, 2023)................................................3

*Krakauer v. DISH Network, L.L.C.*, 2018 WL 6305785 (M.D. N.C., Dec. 3, 2018)
................................................................................................................................15

## Rules

Federal Rule of Civil Procedure 23(g)(3) .............................................................4, 5

# I. INTRODUCTION

Between March 21, 2025 and April 8, 2025, seven putative class actions and one individual action were filed in this District against Defendants Matthew Weiss ("Weiss"), the Regents of the University of Michigan ("Regents"), the University of Michigan ("University"), and Keffer Development Services, LLC ("Keffer") concerning a data breach that spanned almost a decade and resulted in the unauthorized capture personally identifiable information and medical data of more than 150,000 students, including many University students. It is undisputed that some of the data includes highly sensitive intimate photographs and videos that were never intended to be accessed by Weiss, the University, Keffer, or even the state and federal police and Department of Justice authorities that have reviewed them as part of their duties.

The complaints in each of these Related Cases allege that Defendants failed to adequately safeguard the sensitive personal information and personal identifying information of Plaintiffs and putative Class Members, and they assert various overlapping and/or similar claims.

Former football co-offensive coordinator Defendant Matthew Weiss intentionally accessed Plaintiffs' highly sensitive, personal, private, and intimate information. The victims include former and current student athletes at the University. It is uncontested that from approximately 2015 to 2023, Weiss used

1

University and third-party systems to access Plaintiffs' private information. Weiss exploited weak cybersecurity practices at the University and Keffer, which maintained databases with sensitive student-athlete information.

Weiss would not have been able to gain such access without his employment position and University-issued credentials. His access to confidential data includes at least medical records, passwords, and personal cloud accounts. The Department of Justice has already begun notifying affected individuals, including Plaintiffs.

## II.    ARGUMENT

### A.  Consolidation

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and E.D. Mich. LR 42.1, Plaintiffs move the Court for an order consolidating the Related Cases. A proposed order to consolidate the cases is attached as **Exhibit A**.

Rule 42(a) provides that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay."

Eastern District of Michigan Local Rule 42.1 provides that "[a] party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must: (1) file a

motion in the case with the earliest case number;[1] and (2) file a notice of the motion in each related case." E.D. Mich. LR 42.1(a). "The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent." E.D. Mich. LR 42.1(b). "If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case." E.D. Mich. LR 42.1(c).

Here, the Related Cases satisfy the criteria enumerated in Rule 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact, and they arise from the same data breaches. Based on the allegations in each Related Case, the breach continued for nearly a decade because the University and Keffer failed to prevent, detect, or stop Weiss from accessing databases without authorization, enabling him to download the private sensitive information belonging to 150,000 student athletes from over 100 colleges and universities. The claims are brought on behalf of substantially identical classes, and allege that the University, the Regents, and Keffer failed to adequately safeguard the sensitive personal information of Plaintiffs and putative Class Members.

The key matter here is that all such events and claims are not only related, but *actually* from the same time, space, and origin. As a lower threshold, Courts

---

[1] This action is the First-Filed Action, and therefore Plaintiffs here seek consolidation with the support of the plaintiffs in the other actions.

routinely consolidate overlapping data breach class actions that are filed in the same court. *See, e.g.*, *In re Wright & Filippis, LLC Data Security Breach Litigation*, No. 2:22-cv-12906-SFC-EAS, ECF No. 9 (E.D. Mich. Mar. 3, 2023) (consolidating seven substantially similar data breach class actions filed in this Court, and providing the plaintiffs with 30 days to file a single consolidated complaint); *see also In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224-PLM-PJG, ECF No. 11 (W.D. Mich. Feb. 23, 2023) (consolidating five substantially similar data breach class actions filed in the same district court, and providing the plaintiffs with 30 days to file a single consolidated complaint); *In re Lansing Community College Data Security Breach Litig.*, No. 1:23-cv-00738-PLM-PJG, ECF No. 13 (W.D. Mich. Aug. 2, 2023) (consolidating four substantially similar data breach class actions filed in the same district court, and providing the plaintiffs with 45 days to file a single consolidated complaint).

Finally, all of the Related Cases here have already been assigned or administratively reassigned to the same judge. *See Jane Doe 1, et al. v. Weiss, et al.*, Case No. 25-cv-10806 (ECF No. 6); *Jane Doe 1, et al. v. Weiss, et al.*, Case No. 25-cv-10855 (ECF No. 9); *Jane Roe CLF 001 v. Weiss, et al.*, Case No 25-cv-10870 (ECF No. 3); *Jane Doe v. University of Michigan Board of Regents*, Case No. 25-10876 (ECF No. 8); *Jane Does 1 –11 v. The Regents of the University of Michigan*, Case No. 25-cv-10946 (ECF No. 14); *Doe v. Board of Regents of the University of*

4

*Michigan, et al.,* 25-cv-10951 (ECF No. 6); *Jane Doe 1-3 v. Matthew Weiss, et al.*, Case No. 25-cv-10988 (ECF No. 6); and *Student Doe v. Board of Regents of the University of Michigan, et al.*, Case No. 25-cv-10999 (ECF No. 9).

Based on the above, and pursuant to Rule 42(a)(2) and E.D. Mich. LR 42.1, the Court should consolidate the Related Cases.

### B. Appointment of Parker Stinar from Stinar, Gould, Grieco, & Hensley, P.L.L.C. as Interim Lead Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs respectfully request entry of an order appointing Parker Stinar, from SGGH as Interim Lead Counsel for Plaintiffs and the putative Class in this consolidated action, on behalf of the team he has assembled. The team is described in detail below and has been the leading firm on this case, filed the First-Filed Case, has undertaken the laboring oar, and is still hard at work. Stinar is well-qualified to serve as Interim Lead Counsel and the proposed team he has assembled is a seasoned and well-rounded three law firm team that meets the needs of this case locally and nationally. This team combines substantial experience in class actions, complex litigation, and data privacy with the ability to work cooperatively towards a successful outcome for the putative class.

Rule 23(g) provides that the key factors a court should consider when designating interim counsel are: (1) the work which proposed interim lead counsel has already performed in identifying or investigating the potential claims; (2)

5

counsel's experience in handling class actions, other complex litigation, with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv). Where "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (quoting Fed. R. Civ. P. 23(g)(2)(B)). The Court may also "look to 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class,'" which may include "(1) which plaintiff filed first and (2) whether a plaintiff has support of other plaintiffs." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (quoting Fed. R. Civ. P. 23(g)(1)(B)).

As set forth below, Stinar, SGGH, and the team proposed satisfies each of the factors enumerated by Rule 23(g).

### 1. The Work Performed Investigating and Identifying Claims.

The Stinar proposed team is "best able" to represent Plaintiffs and the putative Class in this case. That team was the first to file. It authored the first complaint that served as a template for the cases that followed. It spent several dozen hours researching and identifying which claims are the proper and fitting claims for this case based on the information available. Each of the complaints that followed endorsed the same claims, with the same key language, used verbatim the same

defined terms that the proposed team first authored, used the same causes of action in the same sequence, and relied on the proposed team's evidence in their filings.

The team proposed also has already contacted and met with several of the other plaintiff firms that have filed some of the Related Cases about working together cooperatively and in an organized manner to delegate work to each in accordance with the relevant expertise of each. The team proposed is receiving peer support.

The Stinar team proposed also filed the first motion in any of the Related Cases on April 8, 2025. ECF No. 15. The team proposed filed the only other motion filed in any of the Related Cases (see motion from Case No. 25–10855, at ECF No. 15, where the plaintiffs rely on the evidence from *this First-Filed Case and* include as their exhibits those exhibits filed in this First-Filed Case). The team proposed has taken on a major investigation, met with clients, drafted various pleadings, served proposed discovery, engaged experts, and procured the support of other plaintiff firms,

Accordingly, the team proposed should be appointed Interim Lead Counsel. Given the fast pace of these Related Cases and the need to mitigate the harm done by the data breach at issue in this case, and to do so all in an organized and effective but efficient way, the Court should exercise its discretion to appoint Interim Lead Counsel now. Any delay wrought by a multi-week leadership contest will unnecessarily delay matters and harm Plaintiffs and putative class members without

7

any offsetting benefit, especially since the relief sought is "interim" and any competing bids can be resolved at a later date.

### 2. The Proposed Team

#### a. Stinar and SGGH.

Stinar and SGGH have extensive experience litigating complex class actions throughout the United States and, particularly, in Michigan. Stinar is a Founding Partner at SGGH and serves as the firm's Managing Partner and co-chairs the firm's Mass Tort and Sexual Abuse practice groups. He began his career with the well-known Michigan medical malpractice lawyer Brian McKeen and spent several years excelling in that practice. He then moved to Sommers Schwartz and spent considerably more years in the same practice.

In 2021, Stinar was appointed by the United States District Court for the Eastern District of Michigan to serve on the plaintiff leadership team for lawsuits brought against the University of Michigan on behalf of survivors of sexual abuse by the disgraced former physician, Dr. Robert Anderson, in the well-known case of *John Doe v University of Michigan*. As a member of the plaintiff leadership team, Stinar played a crucial role in managing various aspects of the litigation, including court hearings, rulings, litigation discovery, mediation, and settlement negotiations. Representing over 200 survivors of sexual abuse, more than any other individual law firm involved in the case, Stinar was instrumental in securing a $490 million dollar

settlement on behalf of more than 1,000 survivors. This historic settlement stands as the largest known resolution for primarily male survivors of abuse.

Between 2023 and last week, Stinar served as co-lead counsel in the mass tort litigation *John Doe v. Northwestern University, et al.*, pending in Cook County, Illinois (No. 4027 and related cases). There, he filed the first case, spearheaded coordination and consolidation of multiple related cases for both litigation and trial and led strategic aspects of discovery and motion practice. The matter was very recently successfully resolved in a comprehensive confidential settlement. The case received significant public and media attention due to the sensitive and serious nature of the allegations involving hazing within another Big Ten school's athletic program.

In 2024, Stinar also served as lead counsel in *Jane Doe v. Ortega et al.*, a high-profile mass tort litigation in Cook County, Illinois (No. 05683 and related cases), involving over 350 women who were sexually abused by a Chicago-based OB-GYN affiliated with one of the City's largest healthcare institutions. Stinar led all aspects of the litigation, including coordination across related actions for both discovery and trial, and the retention and management of key expert witnesses. The matter resolved for a confidential amount, resulting in a significant outcome for survivors. It is a result that exemplifies strong management of a large-scale, high-stakes litigation with sensitivity and precision, in the face of public and media attention.

9

Stinar and his colleagues are also plaintiff counsel in *Doe v Henry Ford Health System,* Macomb County Circuit Court, Case No. 24-003733-NZ. That is a putative class action brought by a victim of Oumair Aejaz, a former medical doctor of Henry Ford Health System and Henry Ford Macomb Hospital Corporation who used hidden cameras to record women and children in hospital rooms and recorded himself sexually assaulting unconscious hospital patients.

In Michigan, the proposed team includes Patrick Lannen and Erik Johnson, both recent additions and experienced trial attorneys. Lannen has litigated more than 200 class and commercial cases in Michigan, all of which concluded with excellent results for his clients. He recently joined SGGH from an accomplished business and defense firm. He has prevailed in many putative class actions. He has active MDL experience. He was a panelist for Lawyers for Civil Justice, National Meeting, December 2019 "Class Action Reform, Proposed Comment to Rule 23 of the Federal Rules Advisory Committee for 2020." He was recognized as a "go to" Michigan Lawyer by Michigan Lawyer's Weekly for commercial and complex litigation in 2023. Lannen also has extensive commercial trial experience, including more than a dozen trial wins and no losses in cases tried to a bench or jury verdict. Recently, he secured a $32 million jury verdict in a commercial dispute in the United States District Court for the Eastern District of Michigan.

Erik Johnson represents a broad range of individuals and organizations in civil

10

litigation, particularly class actions and complex commercial litigation. Has a successful record in high-stakes cases, acting for a broad client base of municipalities, private companies, and individuals. He was part of the trial team who won the $32 million jury verdict in front of Judge Matthew F. Leitman in January 2025. Before joining the private sector, he served as a judicial law clerk in the Eastern District of Michigan for four years and he served as an Assistant Attorney General in Chicago, Illinois. Johnson has litigated more than thirty class action and complex commercial litigation cases in Michigan, and more than fifty civil rights cases in the Northern District of Illinois. Johnson has worked on both defense side and plaintiff's side, giving him a balanced perspective in civil litigation.

SGGH's location also makes it an ideal firm to serve as interim Lead Counsel. Lannen and Johnson operate out of SGGH's Birmingham, Michigan office, and counsel for the University and the Regents principal place of business is in Troy, Michigan. Given that SGGH has successfully represented clients and classes in courts across the country (and because some of its lawyers have successfully defended dozens of putative class actions), SGGH is more than capable of litigating a class action lawsuit in the same state in which one of its primary offices is located. If the proposed team is appointed Interim Lead Counsel, SGGH's location will ensure efficiency and cost-savings in future pre-trial proceedings and discovery, as depositions of institutional and corporate Defendants and their employees will likely

be conducted within driving distance of SGGH's offices. This may also obviate any need to appoint a separate liaison counsel.

In sum, SGGH is devoted to representing the clients in this complex case that will include a number of intricate issues including federal data and privacy statutes, matters of agency, likely criminal and potentially Fifth Amendment issues, and class action aspects. The proposed team is jumped into the investigation and is well underway with its assemble of the record. It is well-suited to take the lead at this stage given its history with numerous high-profile matters and more than $1 billion dollars in global settlements on behalf of thousands of individuals, many of which include survivors of sexual abuse.

### b. Wagstaff Law Firm

Joining SGGH as part of the proposed team is Aimee W. Wagstaff and her law firm, Wagstaff Law Firm ("WLF"). WLF is a leading mass- and class-action law firm that has successfully led and litigated many consolidated actions to trial or global resolution. WLF founder Wagstaff has served as lead or co-lead of some of the largest, most complex multi-district litigations ever organized. Wagstaff and her team have deep expertise in almost every area of plaintiffs' litigation, as well as the resources and national footprint to bring class and mass actions to a successful conclusion. Wagstaff has served as plaintiffs' lead or co-lead counsel in numerous mass tort federal and state consolidated proceedings, including:

12

- *In re: Paraquat Products Liability Litigation* (No. 559). First Judicial District of Pennsylvania, Philadelphia Court of Common Pleas. Mass tort litigation with over 1,700 claimants alleging significant injuries from an herbicide manufactured by Syngenta and Chevron. Wagstaff was appointed to serve as co-lead counsel for plaintiffs and as trial counsel for multiple bellwether trials. This litigation is ongoing.

- *In re: Baby Food Products Liability Litigation* (MDL No. 3101). U.S. District Court for the Northern District of California. Wagstaff was appointed to serve as co-lead counsel for plaintiffs alleging that consumption of toxic heavy metals present in defendants' baby food products caused them neurodevelopmental harm that resulted in a diagnosis of autism spectrum disorder and/or ADHD. This is a complicated MDL, with many defendants and the potential for a significant number of claimants. This litigation is ongoing.

- *In re: Roundup Products Liability Litigation* (MDL No. 2741). U.S. District Court for the Northern District of California. Wagstaff was appointed to serve as co-lead counsel for plaintiffs alleging injuries from exposure to Monsanto's Roundup and other glyphosate-based products. Wagstaff tried the first federal Roundup trial, resulting in a verdict of over $80 million for the firm's client (later reduced by the court). Wagstaff shepherded a massive settlement program for a large portion of the MDL docket. Wagstaff stepped away from the leadership of this MDL in 2025.

- *In re: Ethicon Inc. Power Morcellator Products Liability Litigation* (MDL No. 2652). U.S. District Court for the District of Kansas. Wagstaff was appointed to serve as co-lead counsel of the first ever majority-women leadership committee and resolved the MDL within 18 months.

- *In re: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation* (MDL No. 2326). U.S. District Court for the Southern District of West Virginia. Wagstaff was appointed to serve as national co-lead counsel of the Boston Scientific Corporation ("BSC") transvaginal mesh ("TVM") MDL. Wagstaff was a trial team member for the first bellwether BSC MDL 2326 trial that resulted in a verdict of more than $18 million for plaintiffs. At its peak, this litigation accounted for roughly 20% of the nationwide federal district court docket, with tolled claimants numbering more than 150,000.

13

- *In re: Infusion Pump Cases*. California JCCP (No. 4615) coordinated proceedings, Superior Court of California for the County of Orange. Wagstaff was appointed to serve as co-lead and liaison counsel of the Plaintiffs' Steering Committee of JCCP 4615.

In addition to the above, WLF lawyers have participated in and led cases in many of the mass- and class-actions that have made headlines over the last decade from talcum powder to the Marshall Fire in Boulder, Colorado. WLF has also served on steering and other plaintiffs' leadership committees for the following litigations: *In Re: Hair Relaxer Marketing Sales Practices and Products Liability Litigation* (MDL 3060, N.D. Ill.); *In Re: Paraquat Products Liability Litigation* (MDL 3004, S.D. Ill. (resigned)); *In Re: Elmiron (Pentosan Polysulfate Sodium)* (MDL 2973, D.N.J.); *Risperdal and Invega Product Liability Cases* (JCCP 4775, Los Angeles Superior Ct.); The West Virginia "TVM MDLs" (1) *In Re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation* (MDL 2325); (2) *In Re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (MDL 2187); (3) *In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation* (MDL 2327); (4) *In Re: Coloplast Corp., Pelvic Repair System Products Liability Litigation* (MDL 2387); and (5) *In Re: Cook Medical, Inc., Pelvic Repair System Products Liability Litigation* (MDL 2440, all S.D.W.V.).

Benjamin Gillig from WLF will also be contributing to the *Weiss* cases. He rejoined WLF after founding the Colorado Attorney General's false claims enforcement unit. A former law clerk to the Eighth Circuit, Gillig brings a strong

14

strategic perspective to complex litigation. His experience on the defense side of class actions (and other consolidated proceedings), including working on complex class certification issues and Rule 23(g) appeals, helps inform how Gillig guides litigation to ensure that the best version of his clients' claims is heard at the earliest opportunity. Gillig has helped set up the structures for several of the firm's mass actions, allowing plaintiffs to pursue pretrial matters in a single (non-MDL) venue, and to achieve meaningful resolution on an efficient timeline.

### c.  Bailey Glasser, LLP

Bailey Glasser, LLP rounds out the proposed team. Brian Glasser, a Rhodes scholar and founding partner of the firm, represents a diverse array of plaintiffs and defendants throughout the United States. He has tried cases in seventeen different states, including two mass actions and four class actions. Most recently, Glasser was co-lead trial counsel for the Coalition of Counsel for Justice in Talc Claimants in another "Texas Two-Step" attempt by Johnson & Johnson to discharge liabilities arising from people alleging injury by talc products. In March 2025, after a two-week trial, the Bankruptcy Court for the Southern District of Texas agreed with Glasser's client and dismissed the bankruptcy case.

Glasser was recognized by Forbes Media as one of the "Top 200 Lawyers in America" in its first-ever top lawyers list. He is a *cum laude* graduate of Harvard Law School, holds a B.A. from Oxford University, and graduated *summa cum laude*

from West Virginia University.

With Glasser is John Barrett who is among a handful of lawyers nationally to have won class action, mass action, and individual plaintiff jury trials in federal and state court and successfully argued appeals to uphold the verdicts won in those cases. Barrett represents individuals in class action lawsuits involving institutional sexual abuse; energy companies that breach obligations to landowners and gas royalty owners; consumer protection statutes; and consumer warranty laws. Barrett has led efforts to recover more than $170 million in TCPA class actions; co-led the team in securing an unprecedented product liability class action settlement against a Brazilian pistol manufacturer ($30 million in cash, and warranty modifications worth at least $200 million); and served as special assistant attorney general recovering over $10 million for violations of West Virginia consumer protection law. Barrett's skills as a class action litigator were lauded by a federal judge in the landmark DISH Network case, who stated, "It takes skilled counsel to successfully manage an 18,000-plus member class action. It takes a different set of highly developed skills to successfully achieve a jury verdict. . . . Class counsel persisted in a case where the defendant contested nearly every issue. Against this backdrop, Class Counsel achieved an excellent result on behalf of the class." *Krakauer v. DISH Network, L.L.C.*, 2018 WL 6305785, *3 (M.D. N.C., Dec. 3, 2018).

Also from Bailey Glasser is Katherine Charonko who is a leader in

Electronically Stored Information ("ESI") and is Bailey Glasser's ESI Practice Group Leader. Charonko is a Certified e-Discovery Specialist ("CEDS"), which is a globally recognized credential that assures clients and co-counsel that our approaches are efficient, cost-effective, and reduces risk in all phases of e-Discovery. Charonko designs ESI strategies that provide structured and conceptual analytic functionality for numerous aspects of e-Discovery, including document review strategy, use of technology and technology assisted review ("TAR"), collection and preservation strategy, ESI protocols, and training and implementation of e-Discovery practices firm wide. Charonko has been recognized for her litigation work nationally, including by Chambers & Partners. She also serves as part of Bailey Glasser's MDL teams and has served as liaison director of e-Discovery and ESI on several MDL leadership committees including *In Re:3M Combat Arms Earplug Products Liability Litigation* and *In re: Red River Talc LLC*, Case Number 4:24-bk-90505) (the first Johnson & Johnson bankruptcy of its special purpose subsidiary LTL Management on behalf of Official Committee of Talc Claimants).

Also from Bailey Glasser is David L. Selby, II who is an accomplished class action lawyer who represents individuals injured by defective firearms, medical devices, and pharmaceutical drugs. Selby currently serves in leadership and steering committee roles in several medical device MDLs. Selby's courtroom success has earned him a litany of legal honors, including being nationally ranked in the product

17

liability category by Chambers & Partners in 2023. As the Practice Group Leader of the firm's Mass Torts Group, he helms a practice that is nationally ranked as a Best Law Firm in mass tort/class action litigation. Selby also serves on the Plaintiffs' Executive Committee for the Atrium Medical Corp. C-Qur Mesh Products Liability Litigation, an MDL that consolidates federal lawsuits from across the country against Atrium Medical Corporation alleging the C-Qur Hernia Mesh manufactured by Atrium is defective and produces an allergic or inflammatory reaction that has caused serious injuries. He also served as co-lead trial counsel to the Official Committee of Talc Claimants in the Johnson & Johnson bankruptcy of its special purpose subsidiary LTL Management.

Also from Bailey Glasser is Bart Cohen who has over 30 years of experience in class action and other complex litigation. Bart has been appointed as co-lead counsel in data breach litigation including *Barletti v. Connexin Software Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (representing proposed class of over 2.9 million), *Goss v. Performance Health Technology, Ltd.*, No. 23CV34744 (Multnomah Cty. Circuit Ct.) (proposed class of over 1.7 million), and *In re Community Health Systems, Inc. Data Security Litigation*, No. 3:23-cv-00285 (M.D. Tenn.) (proposed class of over 1.1 million). The Connexin court approved a settlement worth $4 million in July 2024. Bart is a graduate of the Georgetown University Law Center. He also graduated from the University of Pennsylvania with two bachelor's degrees, from

the Wharton School and the School of Engineering and Applied Science.

### 3.  Counsel's Knowledge of Applicable Law

Plaintiffs and their proposed team incorporate the details stated above about their deep experience as the basis for their knowledge of applicable law. As specified above, Plaintiff's broad team of lawyers has profound experience including of recent vintage that covers the waterfront perfectly for this case. Their class and complex litigation experience ranges from institutional sex abuse, lead class action experience in matters with governmental actors (similar to this case), historical commercial and complex litigation experience, complex class and mass action practices, jury trial and bench trial expertise, experience on both sides of the "plaintiff" and "defense" aisles, expertise in data privacy, and ESI makes them well-suited for the lead counsel role. Granting the relief requested is wholly consistent with ensuring the class counsel has knowledge of the applicable law and protecting the class in what would otherwise be an unwieldly case.

### 4. Resources Counsel Will Commit to Representing the Class

Finally, the resources counsel for Plaintiffs will commit to representing the class here are plentiful. This is a large case. It involves large institutions and hundreds and thousands of victims. There are tens or hundreds of millions of dollars at stake in currency in the form of money and other forms of in-kind relief. The police authorities are involved, the federal government is involved, and the case

demands an organized, broad base of experts, and workhorses, who communicate regularly and with a plan.

It would be illogical not to commit major resources. That is why Plaintiffs are so motivated here and why counsel has gone to such great lengths to assemble a talented legal team to prosecute this case and to represent the putative class. Counsel has even retained technology experts with broad and deep experience to aid them with non-legal issues. Counsel intends to continue to interview witnesses, established a data room, and is prepared to commit all of the resources necessary to see this case to a swift and fair conclusion.

### 5. Briefing Schedule

To execute on the organization already underway, Plaintiffs further respectfully request that the Court set a schedule related to the filing of an operative consolidated amended complaint. "[T]rial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Setting the schedule below will relieve Defendants of the duty to respond to the various initial complaints filed in the Related Cases in the interim.[2]

- Defendants are not required to respond to the initial complaints in the eight actions listed above;

- Plaintiffs file an operative Consolidated Class Action Complaint within thirty (30) days of entry of an Order consolidating the

---

[2] The Proposed Schedule is also set forth in the Proposed Order attached as **Exhibit A**.

Related Cases and appointing Interim Class Counsel, and, should the
Court enter order(s) for expedited discovery or compelling Defendants
to disclose the nature and scope of any data breach, thirty (30) days
after Defendants have complied with any first-issued such Order;

- Defendants will file a responsive pleading to the
Consolidated Complaint within forty-five (45) days of its receipt of the
Consolidated Complaint;

- If Defendants respond by way of motion, Plaintiffs will
have thirty (30) days to oppose Defendants' motion, and Defendants
will have twenty-one (21) days to reply;

- The Parties will confer under Federal Rules of Civil
Procedure 16 and 26 within fourteen (14) days after Plaintiffs file the
Consolidated Class Action Complaint; and

- The Parties will submit a Joint Rule 26(f) Report and make
the required initial disclosures pursuant to Federal Rule of Civil
Procedure 26(a) within 14 days after conferring under Federal Rules of
Civil Procedure 16 and 26.

## III.  CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court enter an

Order, substantially in the form attached as **Exhibit A**: (i) consolidating the Related

Cases, (ii) appointing Parker Stinar from SGGH as Interim Lead Counsel and his

team as stated above, and (iii) entering the proposed deadlines to file the operative

consolidated amended complaint and stay the deadline for Defendants to respond to

the individual complaints.

21

Date: April 15, 2025  Respectfully Submitted,

By: /s/*Parker Stinar*
   Parker Stinar
   Michael Grieco
   Bryce Hensley *(admission pending)*
   **STINAR GOULD GRIECO &**
   **HENSLEY, PLLC**
   101 N. Wacker Dr., Floor M, Suite 100
   Chicago, Illinois 60606
   T: (312) 728-7444
   parker@sgghlaw.com
   mike@sgghlaw.com
   bryce@sgghlaw.com

By: /s/*Patrick Lannen*
   Patrick Lannen
   Erik Johnson
   **STINAR GOULD GRIECO &**
   **HENSLEY, PLLC**
   550W. Merrill Street, Suite 249
   Birmingham, Michigan 48009
   patrick@sgghlaw.com
   (269) 370-1746
   erik@sgghlaw.com
   (248) 221-8561

   *Counsel for Plaintiffs*

By: /s/ *Brian Glasser*
   Brian A. Glasser (*admission pending*)
   **BAILEY & GLASSER LLP**
   1055 Thomas Jefferson Street,
   NW, Suite 540
   Washington, DC 20007
   Phone: (202) 463-2101
   bglasser@baileyglasser.com

By: /s/ *Bart Cohen*
   Bart D. Cohen

22

**BAILEY & GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
Phone: (267) 973-4855
bcohen@baileyglasser.com

By: _/s/ David Selby, II_
David L. Selby, II *(admission pending)*
**BAILEY & GLASSER LLP**
3000 Riverchase Galleria, Suite 905
Birmingham AL 35244
Phone: (205) 628-7575
dselby@baileyglasser.com

By: _/s/ John W. Barrett_
John W. Barrett
Katherine E. Charonko (*admission pending*)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
jbarrett@baileyglasser.com
kcharonko@baileyglasser.com
*Counsel for Plaintiffs*

By: _/s/ Aimee H. Wagstaff_
Aimee H. Wagstaff (admission pending)
Benjamin Gillig (admission pending)
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

*Counsel for Plaintiffs*

23

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Date: April 15, 2025                    Respectfully Submitted,

By:     /s/*Parker Stinar*
         Parker Stinar
         Michael Grieco
         Bryce Hensley *(admission pending)*
         **STINAR GOULD GRIECO &**
         **HENSLEY, PLLC**
         101 N. Wacker Dr., Floor M, Suite
         100
         Chicago, Illinois 60606
         T: (312) 728-7444
         parker@sgghlaw.com
         mike@sgghlaw.com
         bryce@sgghlaw.com

By:     /s/*Patrick Lannen*
         Patrick Lannen
         Erik Johnson
         **STINAR GOULD GRIECO &**
         **HENSLEY, PLLC**
         550W. Merrill Street, Suite 249
         Birmingham, Michigan 48009
         patrick@sgghlaw.com
         (269) 370-1746
         erik@sgghlaw.com
         (248) 221-8561

         *Counsel for Plaintiffs*

1

By:    */s/ Brian Glasser*
        Brian A. Glasser (*admission pending*)
        **BAILEY & GLASSER LLP**
        1055 Thomas Jefferson Street, NW, Suite 540
        Washington, DC 20007
        Phone: (202) 463-2101
        bglasser@baileyglasser.com

By:    */s/ Bart Cohen*
        Bart D. Cohen
        **BAILEY & GLASSER LLP**
        1622 Locust Street
        Philadelphia, PA 19103
        Phone: (267) 973-4855
        bcohen@baileyglasser.com

By:    */s/ David Selby, II*
        David L. Selby, II *(admission pending)*
        **BAILEY & GLASSER LLP**
        3000 Riverchase Galleria, Suite 905
        Birmingham AL 35244
        Phone: (205) 628-7575
        dselby@baileyglasser.com

By:    */s/ D. Todd Mathews*
        D. Todd Mathews
        **BAILEY & GLASSER LLP**
        210 W. Division Street
        Maryville IL 62062
        Phone: (618) 418-5180
        tmathews@baileyglasser.com

By:    */s/ John W. Barrett*
        John W. Barrett

2

Katherine E. Charonko (*admission pending*)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Phone: (304) 345-6555
jbarrett@baileyglasser.com
kcharonko@baileyglasser.com
*Counsel for Plaintiffs*

By:   /s/ *Aimee H. Wagstaff*
Aimee H. Wagstaff (admission pending)
Benjamin Gillig (admission pending)
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

*Counsel for Plaintiffs*

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, and JANE DOE 2,

                    Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,

                    Defendants.

Case No. 25-CV-10806
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

## INDEX OF EXHIBITS

---

Exhibit A – Proposed Order Granting Plaintiff's Motion to Consolidate Cases, and to Appoint Parker Stinar of Stinar Gould Grieco & Hensley, P.L.L.C. as Interim Lead Counsel.

1

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JANE DOE 1, and JANE DOE 2,
                Plaintiffs,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,

                Defendants.

Case No. 25-CV-10806
Hon. Mark A. Goldsmith
Mag. Elizabeth A. Stafford

---

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE CASES, AND TO APPOINT PARKER STINAR OF STINAR, GOULD, GRIECO & HENSLEY, P.L.L.C. AS INTERIM LEAD COUNSEL

This matter is before the Court on Plaintiffs' Motion to Consolidate Cases, and to Appoint Parker Stinar of Stinar, Gould, Grieco & Hensly, P.L.L.C. as Interim Lead Counsel (the "Motion"). The Court has reviewed the Motion and finds that it should be granted for the reasons stated in the Motion.

Accordingly, the Court orders that Plaintiffs' Motion is granted. The Court orders as follows

1. Case Nos. 25-cv-10855, 25-cv-10870, 25-cv-10876, 25-cv-10946, 25-cv-10951, 25-cv10988, and 25-cv-10999 are consolidated for all purposes under Federal Rule of Civil Procedure 42(a), and the consolidated cases shall proceed under this case number, Case No. 25-cv-10806;

2. Defendants are not required to respond to the initial complaints in these cases or in later filed substantially similar complaints, all of which shall be defined as "Related Cases."

3. Pursuant to Rule 42, the Court also orders as follows to organize these Related Cases:

   - Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days.

   - Plaintiffs may amend such complaint within thirty (30) days by right of both of (a) entry of any order(s) for expedited discovery and/or compelling Defendants to disclose the nature and scope of any data breach, and (b) Defendants having complied with any such Order should the Court enter such an Order;

   - Defendants will file a responsive pleading to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint or any amendment thereto as set forth above;

   - if Defendants respond by way of motion, Plaintiffs will have thirty (30) days to oppose Defendants' motion, and Defendants will have twenty-one (21) days to reply;

   - the Parties will confer under Federal Rules of Civil Procedure 16 and 26 within fourteen (14) days of Plaintiffs filing the Consolidated Complaint; and

   - the Parties will submit a Joint Rule 26(f) Report and make the required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within 14 days after conferring under Federal Rule of Civil Procedure 26.

4. Plaintiffs' counsel as profiled in the Motion and appointed by virtue of this Order shall ;

2

5. Parker Stinar from the law firm Stinar, Gould, Grieco & Hensley is appointed as Interim Lead Counsel and is responsible for doing the following:

- establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel in the Related Cases or other consolidated cases upon reasonable request;

- maintain, in conjunction with his law firm's accountant, records of receipts and disbursements advanced and report in writing if requested concerning disbursements and receipts;

- coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- schedule depositions, set agendas and otherwise interact with defense counsel, the other plaintiffs' counsel, and the settlement master (if one is appointed or agreed to by the parties);

- determine (after consultation with other plaintiff counsel and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized by the Court;

- delegate specific tasks to counsel in any of the Related Cases or matters consolidated as a result of this Order to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

3

- enter into stipulations, with opposing counsel, necessary for the conduct of the litigation professionally, reasonably, economically, and in good faith to substantially contribute to advancing the Related Cases;

- prepare and distribute periodic status reports to the parties no less than every 30 days;

- maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court; and

- submit, if appropriate, suggestions for establishing any committees and counsel for designation by the Court.

**IT IS SO ORDERED**.

Dated:                    s/_____
                              United States District Court Judge